TAFFTS, Assignee v. MANLOVE.

*Sixth District Court for Sacramento Co., April T., 1858.*

ATTACHMENTS — PROCEEDINGS IN INSOLVENCY.

The property of an insolvent debtor who has applied for the benefit of the insolvent law, is not the subject of seizure under process of attachment, subsequent to the filing of the petition in insolvency, and the entry of the order staying proceedings.

The moment the petition is filed, the property ceases to be the property of the insolvent, and becomes, *ipso facto*, the common property of the creditors.

Although the insolvent is permitted, unless for good cause shown, to remain in charge of the property until an assignee can be appointed, yet the statute contemplates his holding it as a receiver, or officer of the court.

The chief object of the act is, to enable an individual to distribute his property *pro rata* amongst his creditors, and to hold that, from the time of filing the petition, to the appointment of an assignee, the property described in the petition is liable to attachment, would be to defeat the avowed object of the statute.

This was an action instituted by plaintiff, as assignee in insolvency, against defendant, sheriff of the city and county of Sacramento, for the recovery of certain property seized by the latter under process of attachment, issued at the suit of certain creditors of the insolvent debtor. The latter had filed his petition, schedule, &c., in pursuance of the provisions of the insolvent law, and the usual order requiring the creditors to meet to appoint an assignee, &c., had been made, when certain of the creditors caused writs of attachments to be issued, directed to

the defendant, as sheriff, by virtue of which he seized such of insolvent's property as was to be found in his county, being the same described in said schedule. An assignee being duly appointed at the meeting of the creditors, he instituted this action against the sheriff to recover the property. The case was submitted to the court upon an agreed statement of facts.

Botts, J.—The facts in this case are agreed, and the questions presented is this: Can a particular creditor acquire a special lien by the levy of an attachment after the filing of an insolvent schedule, and an order staying proceedings?

The act is entitled " an act for the relief of insolvent debtors, *and protection of creditors.*" One of the chief and avowed objects of the act, is, to enable an individual to distribute his property *pro rata* amongst his creditors, and it is upon this basis, viz: that he has surrendered all he has, with perfect impartiality, that he obtains his discharge. Now, to hold, as the defendant would have us, that from the time of filing the petition, which is the confession of bankruptcy, to the appointing of an assignee, a period of thirty days at least, the property described in the schedule is liable to attachment, would be to defeat the avowed object of the statute. It would be to invite that competition, that special appropriation, which the statute aims to prevent. I think there can be no doubt that, from the moment the petition is filed, the property ceases to be the property of the insolvent, and becomes, *ipso facto*, the common property of the creditors. This effect is produced, not so much by the order staying proceedings as by the act of assignment. Hence, it is made the duty of the judge who certifies the petition to take charge of it and see that it is filed. See sec. 5 of *insolvent act.* It is true that, unless for good cause shown, the insolvent is permitted to remain in charge of the property until an assignee can be appointed, but it is evident from sec. 9, that the statute contemplates his holding it as a receiver, or officer of the court, who may be at any time displaced, when another may be appointed in his stead, If the property were perishable, I apprehend it could be sold only under an order of the court, and without such order, the purchaser

could acquire no title. This, it seems to me, is the only possible mode of giving effect to the obvious intent of the statute.

The plaintiff is entitled to have and recover of the defendant the the sum of $1,730 24, that being the admitted value of the goods belonging to the plaintiff unlawfully taken and converted by the defendant. Let judgment be entered accordingly.